HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

PAMELA WELTY, on behalf of herself and all persons similarly situated,

                    Plaintiff,

      v.

VALVE CORPORATION, a corporation,

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: 2:25-cv-02450-JNW

CLASS ACTION

VALVE CORPORATION'S MOTION TO DISMISS CLASS ACTION COMPLAINT AND DISMISS OR STRIKE CLASS CLAIMS

NOTE ON MOTION CALENDAR:
January 7, 2026

ORAL ARGUMENT REQUESTED

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ........................................................................... 1

II.    FACTUAL BACKGROUND ............................................................................... 4

III.   PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE
       GRANTED ........................................................................................................ 6

       A.    Plaintiff Conspicuously Omitted Any Allegation That She Has An
             Arbitration Agreement With Valve, Which Is An Essential Precondition
             To The Relief She Seeks ........................................................................ 6

       B.    The Only Arbitration Agreement That Plaintiff Could Possibly Invoke
             Specifies That The FAA Governs That Agreement, Not The CAA .............. 9

       C.    The FAA Preempts Sections 1281.97-1281.99 Of The CAA Because
             Those Statutory Provisions Violate The FAA's Equal Treatment Principle 11

       D.    Sections 1281.97-1281.99 Do Not Authorize The Forms Of Relief That
             Plaintiff Seeks In This Action ................................................................ 16

IV.    THE COURT SHOULD DISMISS OR STRIKE THE CLASS CLAIMS FROM
       THE COMPLAINT BECAUSE THE ONLY ARBITRATION AGREEMENT
       THAT PLAINTIFF COULD POSSIBLY INVOKE ALSO CONTAINS A
       CLASS ACTION WAIVER ................................................................................ 19

V.     CONCLUSION ................................................................................................. 20

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

ii

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allied Professionals Insurance Co. v. Anglesey*,
        952 F.3d 1131 (9th Cir. 2020) ......................................................................................13

*Ashcroft v. Iqbal*,
        556 U.S. 662 (2009)........................................................................................................6

*Astronics Electronic Systems Corp. v. MAGicALL, Inc.*,
        No. C22-729 TSZ,
        2022 WL 3018185 (W.D. Wash. July 29, 2022),
        *aff'd*, 2023 WL 3451682 (9th Cir. May 15, 2023)....................................................9, 10

*AT&T Mobility LLC v. Concepcion*,
        563 U.S. 333 (2011).........................................................................................................9

*B.D. v. Blizzard Entertainment, Inc.*,
        292 Cal. Rptr. 3d 47 (Ct. App. 2022) .............................................................................7

*Baughn v. Johnson & Johnson*,
        No. C15-5283 BHS,
        2015 WL 4759151 (W.D. Wash. Aug. 12, 2015) .........................................................16

*Belyea v. GreenSky, Inc.*,
        637 F. Supp. 3d 745 (N.D. Cal. 2022) .....................................................................12, 13

*Bradley v. Harris Research, Inc.*,
        275 F.3d 884 (9th Cir. 2001) ........................................................................................14

*Brooks v. WarnerMedia Direct, LLC*,
        No. 23 Civ. 11030 (KPF),
        2025 WL 3073839 (S.D.N.Y. Nov. 4, 2025)...................................................12, 13, 16

*Burgos v. Citibank, N.A.*,
        745 F. Supp. 3d 959 (N.D. Cal. 2024) .....................................................................12, 13

*Dealer Computer Services, Inc. v. Old Colony Motors, Inc.*,
        588 F.3d 884 (5th Cir. 2009) ....................................................................................11, 16

*Ding v. Structure Therapeutics, Inc.*,
        755 F. Supp. 3d 1200 (N.D. Cal. 2024) ..............................................................10, 12, 13

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

iii

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Epic Systems Corp. v. Lewis*,
    584 U.S. 497 (2018)...................................................................................................12

*Frazier v. X Corp.*,
    155 F.4th 87 (2d Cir. 2025) ...............................................................................11, 16

*Frid v. First Republic Bank*,
    No. 12-cv-00806-JST,
    2014 WL 1365933 (N.D. Cal. Apr. 7, 2014) .................................................................9

*General Telephone Co. of Southwest v. Falcon*,
    457 U.S. 147 (1982)..................................................................................................19

*Halaco Engineering Co. v. Costle*,
    843 F.2d 376 (9th Cir. 1988) ....................................................................................15

*Hohenshelt v. Superior Court*,
    335 Cal. Rptr. 3d 532 (2025) ..............................................................................12, 13

*Holman v. Bath & Body Works, LLC*,
    No. 1:20-cv-01603-NONE-SAB,
    2021 WL 5826468 (E.D. Cal. Dec. 8, 2021) ...........................................................4, 19

*Howsam v. Dean Witter Reynolds, Inc.*,
    537 U.S. 79 (2002)....................................................................................................16

*Jeong v. Nexo Capital, Inc.*,
    No. 21-cv-02392-BLF,
    2023 WL 2717255 (N.D. Cal. Mar. 29, 2023)............................................................19

*Jones v. Starz Entertainment, LLC*,
    129 F.4th 1176 (9th Cir. 2025) ...................................................................................1

*Kindred Nursing Centers Ltd. v. Clark*,
    581 U.S. 246 (2017)..................................................................................................12

*Lacour v. Marshalls of CA., LLC*,
    No. 20-cv-07641-WHO,
    2021 WL 1700204 (N.D. Cal. April 29, 2021)...........................................................20

*Lamps Plus, Inc. v. Varela*,
    587 U.S. 176 (2019)...............................................................................................3, 14

*Lifescan, Inc. v. Premier Diabetic Services, Inc.*,
    363 F.3d 1010 (9th Cir. 2004) ...................................................................................16

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

iv

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Martinez v. Refinitiv, Ltd.*,
    No. 2:24-cv-05481-JLS-JPR,
    2024 WL 5424373 (C.D. Cal. Nov. 14, 2024)..................................................................12, 13

*MedChoice Risk Retention Group Inc. v. Katz*,
    No. C17-387-TSZ,
    2017 WL 3970867 (W.D. Wash. Sept. 8, 2017)...................................................................10

*Morgan v. Sundance, Inc.*,
    596 U.S. 411 (2022)..............................................................................................................12

*Mosley v. Wells Fargo & Co.*,
    No. 23-55478,
    2024 WL 977674 (9th Cir. Mar. 7, 2024)............................................................................16

*Mosley v. Wells Fargo & Co.*,
    No. 24-cv-03173-JST,
    2024 WL 4804972 (N.D. Cal. Nov. 14, 2024) .............................................................3, 9, 11

*Neims v. Neovia Logistics District, LP*,
    No. EDCV 23-716 PA (SHKx),
    2023 WL 6369780 (C.D. Cal. Aug. 10, 2023).....................................................................19

*OPE International LP v. Chet Morrison Contractors, Inc.*,
    258 F.3d 443 (5th Cir. 2001) ...............................................................................................14

*Paige v. Henry J. Kaiser Co.*,
    826 F.2d 857 (9th Cir. 1987) ..................................................................................................9

*Perry v. Thomas*,
    482 U.S. 483 (1987)..............................................................................................................12

*Prostek v. Lincare Inc.*,
    662 F. Supp. 3d 1100 (E.D. Cal. 2023).............................................................................4, 19

*Rubio v. Marriott Resorts Hospitality Corp.*,
    No. 8:23-cv-00773-FWS-ADS,
    2023 WL 8153535 (C.D. Cal. Oct. 17, 2023).....................................................................19

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*,
    88 F.3d 780 (9th Cir. 1996) ...................................................................................................6

*Sovak v. Chugai Pharmaceutical Co.*,
    280 F.3d 1266 (9th Cir. 2002) ..........................................................................................9, 10

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

v

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Suchite v. ABM Aviation, Inc.*,
  741 F. Supp. 3d, 878 (S.D. Cal. 2024)................................................................19

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007).................................................................................................6

*Tibbetts v. Keller Mortgage, LLC*,
  No. 2:23-cv-00596-JAM-CKD,
  2023 WL 6725445 (E.D. Cal. Oct. 12, 2023)......................................................16

*Tietsworth v. Sears, Roebuck & Co.*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010)...............................................................19

*Trujillo v. J-M Manufacturing Co.*,
  328 Cal. Rptr. 3d 1 (Ct. App. 2024) ......................................................................7

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ...............................................................................10

*ValueSelling Associates, LLC v. Temple*,
  No. 09-CV-1493-JM (MDD),
  2011 WL 2532560 (S.D. Cal. June 23, 2011),
  *aff'd*, 520 F. App'x 593 (9th Cir. 2013)...............................................................10

*Vaughan v. Anderson Regional Medical Center*,
  849 F.3d 588 (5th Cir. 2017) ...............................................................................18

*Viking River Cruises, Inc. v. Moriana*,
  596 U.S. 639 (2022)..............................................................8, 11, 13, 14, 15

*Wallrich v. Samsung Electronics America, Inc.*,
  106 F.4th 609 (7th Cir. 2024) .........................................................................11, 16

*Wilson v. Tap Worldwide, LLC*,
  337 Cal. Rptr. 3d 765 (Ct. App. 2025) ................................................................13

## STATUTES

9 U.S.C. § 2.............................................................................................................11

9 U.S.C. § 4.............................................................................................................12

Cal. Civ. Proc. Code § 1280 ................................................................................2, 7

Cal. Civ. Proc. Code § 1281.97 ....................................................................... *passim*

Cal. Civ. Proc. Code § 1281.98 ....................................................................... *passim*

VALVE CORPORATION'S                    vi              CORR CRONIN LLP
MOTION TO DISMISS CLASS                              1015 Second Avenue, Floor 10
ACTION COMPLAINT AND                               Seattle, Washington 98104-1001
DISMISS OR STRIKE CLASS                                 Tel (206) 625-8600
CLAIMS                                                   Fax (206) 625-0900
(No. 2:25-cv-02450-JNW)

Cal. Civ. Proc. Code § 1281.99 ......................................................................................... *passim*

**RULES**

Fed. R. Civ. P. 12 ......................................................................................... *passim*

Fed. R. Civ. P. 23 ...........................................................................................4, 19

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

vii

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## I.   __PRELIMINARY STATEMENT__[1]

This action arises out of thousands of individual arbitrations that Plaintiff's counsel, Mason LLP ("Mason"), brought before the American Arbitration Association ("AAA") against Valve Corporation ("Valve"), alleging that Valve's video gaming platform, Steam, violates antitrust law. (*See* Compl. ¶¶ 4, 15, 25-27.) However, Plaintiff and Valve are no longer parties to an arbitration agreement. In September 2024, Plaintiff affirmatively agreed to Valve's current Steam Subscriber Agreement ("Current SSA"), which requires Plaintiff to pursue her claims in a court located in Washington. In fact, there is a consolidated putative class action pending in this District asserting these same antitrust claims.

But this action is not about the vindication of Plaintiff's substantive claims, or for that matter about the claims of any putative class members. The true purpose of this action is to further Mason's scheme to force Valve into a position where it must either pay $20.8 million in arbitration fees for thousands of individuals who have no arbitration rights or pay Mason an extortionate, windfall settlement of those individuals' claims. Mason seeks to conscript this Court in its improper mass arbitration scheme and related litigation, a tactic which the Ninth Circuit has questioned in similar circumstances. *See Jones v. Starz Ent., LLC*, 129 F.4th 1176, 1183 (9th Cir. 2025) ("cast[ing] serious doubt over the true motivation underlying the mass-arbitration tactic deployed here, which appears to be geared more toward racking up procedural costs to the point of forcing [defendant] to capitulate to a settlement than proving the allegations . . . to seek appropriate redress on the merits").

To advance that scheme here, Plaintiff alleges Valve failed to pay invoices for case management fees totaling $20,875,400—*i.e.*, $1,400 per claimant—that the AAA issued to continue arbitrations commenced on behalf of Plaintiff and 14,910 others. (Compl. ¶ 42.) Plaintiff, representing herself and proposing to represent a putative class, seeks a default judgment (or, alternatively, an order) compelling Valve to pay the AAA invoice for all those arbitrations and future arbitrations. (*Id.* ¶¶ 65-68.) Plaintiff also seeks attorneys' fees and costs. (*Id.* ¶ 68.) Remarkably, this action is one of *three* proceedings Mason

---

[1] All emphases are added. Internal citations, quotations, and alterations are omitted unless otherwise stated.

<table>
<tr><td>VALVE CORPORATION'S<br>MOTION TO DISMISS CLASS<br>ACTION COMPLAINT AND<br>DISMISS OR STRIKE CLASS<br>CLAIMS<br>(No. 2:25-cv-02450-JNW)</td><td>**CORR CRONIN LLP**<br>1015 Second Avenue, Floor 10<br>Seattle, Washington 98104-1001<br>Tel (206) 625-8600<br>Fax (206) 625-0900</td></tr>
</table>

has initiated seeking exactly this relief on behalf of overlapping groups of consumers. (*See* Ex. 1 (Plaintiff Ryan Lally's Motion for Sanctions, *In re Valve Antitrust Litigation*, No. 21-cv-00563-JNW (W.D. Wash. filed June 11, 2025) (Dkt. 467)); Ex. 3 (*Smith v. Valve Corporation*, No. 2:25-cv-01478 (W.D. Wash. filed Aug. 5, 2025)).) This action adds nothing to those other proceedings other than multiplying legal proceedings and increasing costs.

Plaintiff is entitled to no relief. Her Complaint should be dismissed with prejudice or, in the alternative, the Court should dismiss or strike the class claims.

***First,*** the statutes under which Plaintiff seeks relief—California Code of Civil Procedure Sections 1281.97-1281.99, which are provisions of the California Arbitration Act ("CAA") (Compl. ¶ 1)—apply only where a company (i) has drafted a "predispute arbitration provision" that is governed by the CAA and (ii) "is in material breach of the arbitration agreement" by failing to pay certain fees. Cal. Civ. Proc. Code §§ 1280(e), 1281.97(a), 1281.98(a). Here, however, the Complaint carefully avoids alleging that the parties have an arbitration agreement, let alone describing the terms of that agreement. This alone justifies dismissal of Plaintiff's Complaint: she fails to allege the facts necessary to establish the most basic prerequisite for relief.

Plaintiff's pleading defect is a deliberate tactical choice. The Complaint intentionally omits facts about the Current SSA because that agreement has no arbitration provision. The Current SSA instead requires all disputes between the parties to be resolved in court. And if Plaintiff plans to base her claim for relief on a now-superseded, prior version of the Steam Subscriber Agreement that had an arbitration agreement ("Superseded SSA"), her Complaint does not say so.[2] That is because (as discussed below) that superseded agreement expressly provided that it was governed by the Federal Arbitration Act—not California law—*and* it had a class action waiver that would foreclose the class relief Plaintiff seeks here. This Court should dismiss the Complaint.

---

[2] On October 18, 2024, Valve filed a petition in the United States District Court for the Western District of Washington to enjoin 624 arbitrations proceeding before AAA merits arbitrators on the ground that under the Current SSA, there is no longer any arbitration agreement between Valve and those arbitration claimants. *See Valve Corp. v. Abbruzzese*, No. 2:24-cv-1717 (W.D. Wash. filed Oct. 18, 2024), Dkt. 1-2. The issue of which SSA controls is thus squarely before this Court in that matter.

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Second,* Sections 1281.97-1281.99 of the CAA would not apply here in any event. The Superseded SSA's arbitration agreement provided that the Federal Arbitration Act ("FAA"), not California law, would apply to any arbitration. The California statutes Plaintiff invokes are "procedural provisions governing the payment of fees in an arbitration" included in the CAA. *Mosley v. Wells Fargo & Co.*, 2024 WL 4804972, at *4 (N.D. Cal. Nov. 14, 2024). When the procedures of the FAA apply, the procedures of the CAA do not. *See id.* Courts apply the CAA only if the parties "explicitly state their intent to incorporate California law as it relates to arbitration." *Id.* Plaintiff does not allege that the parties agreed to apply the CAA to any arbitration, and in fact they did not. This alone also justifies dismissal.

*Third,* even if the CAA applied here, the FAA preempts the provisions of the CAA on which Plaintiff seeks to rely. The FAA preempts state statutory provisions governing arbitration when those provisions require arbitration procedures to which the parties did not agree and that interfere with the benefits of arbitration. *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 183-84 (2019). Sections 1281.97-1281.99 of the CAA provide that if a party who drafts a consumer arbitration agreement fails to pay arbitration provider fees within 30 days of receiving an arbitration provider invoice, remedies may be available, including mandatory sanctions and attorneys' fees, even though the parties did not agree to such measures. Because this fails to accord with the parties' agreement and rules of arbitration, the FAA preempts Sections 1281.97-1281.99.

*Fourth,* CAA Sections 1281.97-1281.99 do not authorize the broad relief Plaintiff seeks: a default judgment, an order to pay all AAA invoices and all future invoices, and attorneys' fees. Sections 1281.97-1281.99 provide that if a party who drafts a consumer arbitration agreement fails to pay arbitration provider fees within 30 days of receiving an arbitration provider invoice, that party is in "material breach" and "default" of the arbitration agreement. The statutes provide various remedies. *See* Cal. Civ. Proc. Code §§ 1281.97-1281.99. Of those remedies, CAA Section 1281.98(b)(3) is the only potentially applicable provision where, as here, a plaintiff (i) alleges that the defendant failed to pay fees required to continue (not initiate) the arbitration; and (ii) seeks court intervention and to return to arbitration. Under that subsection, the only relief available is an order to pay "all arbitration fees that the drafting party is

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

obligated to pay under the arbitration agreement or the rules of the arbitration provider." The FAA does not authorize such relief, and the relief Plaintiff seeks is beyond what Section 1281.98(b)(3) permits.

*Alternatively,* if the Court does not dismiss this action outright, it should dismiss or strike the request for class relief from the Complaint. *See* Fed. R. Civ. P. 12(b)(6), 12(f), 23(d)(1)(D). Again, Plaintiff's claims can proceed, if at all, only if there is an arbitration agreement between the parties. *See* Cal. Civ. Proc. Code §§ 1281.97-99. The only arbitration agreement Plaintiff could possibly identify— the Superseded SSA, which Plaintiff has not put before the Court, and which has been superseded by the Current SSA—includes a class action waiver. That waiver forecloses the class relief Plaintiff seeks, rendering Plaintiff's class claims improper and her class action allegations immaterial. The Court should therefore dismiss or strike those class allegations. *See Prostek v. Lincare Inc.*, 662 F. Supp. 3d 1100, 1122 (E.D. Cal. 2023) (dismissing class claims because of class action waiver); *Holman v. Bath & Body Works, LLC*, 2021 WL 5826468, at *26 (E.D. Cal. Dec. 8, 2021) (striking class action allegations because of class action waiver).

## II.    <u>FACTUAL BACKGROUND</u>

In 2021, seven consumers brought a putative consumer class action against Valve in the United States District Court for the Western District of Washington. (Compl. ¶¶ 20-22.) Valve filed a motion to compel arbitration as to those individuals. (Compl. ¶ 23.) The court "granted Valve's motion to compel arbitration and stayed the consumer plaintiffs' federal class action case pending arbitration." (*Id.* ¶ 24.)

Two years later, Plaintiff, along with 19,910 other individuals, at least 2,293 of whom were allegedly California residents, filed arbitration demands with the AAA. (Compl. ¶¶ 26-27.) These claimants were allegedly part of a "larger group of 70,000 individuals" (*id.* ¶ 4), of whom at least 8,500 were allegedly California residents (*id.* ¶ 52). The majority of individuals in this larger group—through their counsel, Mason—threatened to demand arbitration but have not initiated proceedings (*id.* ¶¶ 25-26).

Claimants paid AAA filing fees, which Valve later reimbursed. (Compl. ¶ 29; Ex. 3 ¶¶ 25, 44.) After Valve paid $1.86 million in non-refundable filing fees associated with the 19,911 arbitrations, the parties agreed to mediate, and "pause the arbitrations pending the parties' completion of an outside

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

mediation." (Compl. ¶¶ 37-38.) The parties did not reach a resolution, and Mason then "requested AAA to lift the administrative hold" on the arbitrations. (*Id.* ¶¶ 40, 41.) Valve requested that the AAA instead close the arbitrations. (*Id.* ¶ 43.) Plaintiff knows why Valve made that request, but intentionally omits the explanation from her Complaint: (i) the SSA had been amended to remove the arbitration provision after arbitration rulings holding that the arbitration clause was unenforceable and (ii) a class action complaint filed thereafter used those rulings as a basis to seek national class relief in lieu of arbitration. *See Valve Corp. v. Abbruzzese*, No. 2:24-cv-1717 (W.D. Wash. filed Oct. 18, 2024), Dkt. 1-2; Exs. 5-8. (As discussed below, however, this Court need not take notice of that fact to dismiss the Complaint.)

The AAA did not close the arbitrations, stating that Valve's request to close the arbitrations had to be directed to arbitrators. (Compl. ¶ 43.) The AAA sent Valve an invoice for $20,875,400 for case management fees for 14,911 of the 19,911 claimants at $1,400 per claimant. (*Id.* ¶¶ 35, 42.) Valve declined to pay the invoice (*id.* ¶ 46)—again, because claimants, including Plaintiff, and Valve are no longer parties to arbitration agreements.

Plaintiff's counsel thereafter commenced this action, along with two other proceedings:

*First*, on June 11, 2025, Mason, on behalf of plaintiff and arbitration claimant Ryan Lally, filed a motion for sanctions in the action captioned *In re Valve Antitrust Litigation*, No. 21-cv-00563, which is pending in this District. (Ex. 1.) Lally's motion seeks the same relief sought in this action: sanctions on behalf of a putative class of arbitration claimants, including this Plaintiff, for Valve's alleged failure to pay $20,875,400 in AAA case management fees. (*Id.* at 3.) Lally's motion is without merit for the reasons set forth in Valve's opposition filed on June 26, 2025. (Ex. 2.)

*Second*, on August 5, 2025, Mason filed an action captioned *Smith v. Valve Corporation*, No. 25-cv-01478, in this Court on behalf of plaintiff and arbitration claimant Jeffrey Smith, purportedly as a representative of an overlapping class of arbitration claimants. The *Smith* plaintiff asserts claims for breach of contract and breach of the duty of good faith and fair dealing. (Ex. 3 ¶¶ 61-88.) He seeks to require Valve to specifically perform arbitration under the Superseded SSA and pay the same $20.8 million invoice at issue in this action. (*Id.* ¶¶ 70, 83, 89.) Just as Plaintiff does in this action, the *Smith* plaintiff

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

5

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

seeks a default judgment. (*Id.* ¶ 89.) The claims asserted in *Smith* are without merit for the reasons set forth in Valve's Motion to Dismiss or, in the Alternative, for Summary Judgment, or in the Alternative, to Strike Class Allegations filed on October 14, 2025. (Ex. 4.)

The parties met and conferred regarding the defects Valve has identified in the Complaint as required by this Court's Chambers Procedures. Plaintiff took the position that she need not amend the Complaint.

### III.   PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Court should dismiss the Complaint because it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure where a plaintiff fails to assert a cognizable legal theory or allege sufficient facts under a cognizable legal theory. *E.g.*, *SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782-83, 786 (9th Cir. 1996). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Here, the Court should dismiss the Complaint because (i) Plaintiff does not plead a legally sufficient claim for relief under the California statute on which the Complaint is based because she fails to plead the existence of any arbitration agreement; and (ii) in any event, the CAA does not apply here, the CAA is preempted by the FAA, and Plaintiff is not entitled to the relief she is seeking.

### A.   Plaintiff Conspicuously Omitted Any Allegation That She Has An Arbitration Agreement With Valve, Which Is An Essential Precondition To The Relief She Seeks

Plaintiff fails to plead a claim under CAA Sections 1281.97-1281.99 because Plaintiff does not allege that the parties have an arbitration agreement. The plain language of those Sections—and common sense—requires that the parties have an arbitration agreement before a court can grant relief related to arbitration:

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

(i) Sections 1281.97 and 1281.98 specify that the "drafting party" of an arbitration agreement for purposes of those Sections must be "[a] company or business that included a predispute arbitration provision in a contract with a consumer." Cal. Civ. Proc. Code § 1280(e).

(ii) Section 1281.97(a)(1) provides that, when a "drafting party" is required to pay "certain fees and costs before the [consumer] arbitration can proceed," if those fees are not paid "within 30 days after the due date," the "drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its rights to compel arbitration under Section 1281.2."

(iii) Similarly, Section 1281.98(a)(1) provides that, if the "drafting party" is required to "pay certain fees and costs during the pendency of [a consumer] arbitration proceeding," and if those fees are not paid within 30 days after the due date, then the "drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its rights to compel [the consumer] to proceed with that arbitration as a result of the material breach."

All of this statutory language requires the existence of a valid arbitration agreement. There can be no "drafting party" unless there is a "predispute arbitration provision in a contract with a consumer." Nor can a "drafting party" "materially breach[] an arbitration agreement" unless the parties have an arbitration agreement to begin with. *See Trujillo v. J-M Mfg. Co.*, 328 Cal. Rptr. 3d 1, 11 (Ct. App. 2024) (Section 1281.98 applies to "arbitration arising from a pre-dispute agreement" to arbitrate only when the agreement was drafted by a "drafting party"); *cf. B.D. v. Blizzard Ent., Inc.*, 292 Cal. Rptr. 3d 47, 58 (Ct. App. 2022) ("[T]he threshold question presented by a petition to compel arbitration is whether there is an agreement to arbitrate.").

Here, Plaintiff has not alleged that she has an arbitration agreement with Valve. She alleges that, in 2021, Valve successfully moved to compel arbitration with a handful of other consumers who are not before this Court in this action. (Compl. ¶¶ 20-24.) She references Valve's 2023 "terms of service," which "required notice to be provided prior to filing demands for arbitration," and she alleges that she provided a notice to and commenced arbitration against Valve. (*Id.* ¶¶ 5, 16, 25.) She alleges that she "met the

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

AAA's administrative filing requirements." (*Id.* ¶ 7.) She also alleges that the "AAA sent Valve an invoice of $20,875,400 for additional case management arbitration fees relating to the 14,911 arbitration claims" and that Valve refused to pay that invoice. (*Id.* ¶¶ 10-11.) But Plaintiff carefully avoids ever stating that she has or ever had any agreement to arbitrate with Valve, let alone identifying or describing that agreement and alleging facts to show it was enforceable. (*See generally id.*) Tellingly, Plaintiff lists nine "questions of law and fact common to the Class," but fails to list the existence of an enforceable arbitration agreement among them. (*Id.* ¶ 53.)

Plaintiff's failure to allege the existence of an arbitration agreement was not a mere pleading oversight. Plaintiff *cannot* allege facts showing the existence of an arbitration agreement, because the parties do not have one. As Plaintiff well knows, the reason Valve did not pay the $20.8 million AAA invoice described in the Complaint is that, on September 26, 2024, the SSA was amended to remove any arbitration agreement and instead to require disputes to be resolved in court. Consequently, the parties have no arbitration agreement, and Valve had no need or obligation to pay the AAA invoice. *See Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 651 (2022) ("[A]rbitration is strictly a matter of consent."). Valve is prepared to demonstrate that Plaintiff affirmatively accepted the Current SSA on September 27, 2024, and that she made purchases on Steam thereafter, in each instance re-affirming her consent to the Current SSA. But for purposes of this Motion to Dismiss, the Court need not look beyond the pleadings to assess why there is no arbitration agreement: it is enough that Plaintiff has failed to plead that one exists, and so she has no right to relief as a matter of law.

Plaintiff also avoided alleging the existence of the parties' *prior* arbitration agreement—the Superseded SSA under which she filed her arbitration demand with the AAA. It includes a choice of law provision requiring the court to apply the FAA or Washington law, not California law. (Ex. 10 § 10.) Moreover, as Part III.B below explains, that choice of law provision forecloses the relief Plaintiff seeks here, which is solely based on California law. In addition, the Superseded SSA includes a class action waiver. That waiver provides: "YOU AND VALVE AGREE NOT TO BRING OR PARTICIPATE IN A CLASS OR REPRESENTATIVE ACTION . . . ." (*Id*. § 11.D.) It is well-established that such class action

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

waivers are valid and enforceable. *See, e.g.*, *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (class action waivers in arbitration agreements are enforceable). By its plain language, the class action waiver would bar this putative class action. Thus, as explained further below, if Plaintiff were to invoke the parties' Superseded SSA—notwithstanding that it no longer has any force or effect—its choice of law provision and class action waiver would foreclose the class relief Plaintiff is seeking here.

In short, Plaintiff must allege the existence of an arbitration agreement to invoke relief under Sections 1281.97-1281.99, but she cannot do so without simultaneously defeating her substantive and putative class claims. As such, she has carefully avoided mentioning any version of the SSA, or any arbitration agreement whatsoever. This Court should reject Plaintiff's attempt to artfully plead around this conundrum. *Cf. Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 860-61 (9th Cir. 1987) (plaintiff cannot omit allegations "essential to the establishment of his claim" to avoid collateral consequences).

**B.**     **The Only Arbitration Agreement That Plaintiff Could Possibly Invoke Specifies That The FAA Governs That Agreement, Not The CAA**

The Court should also dismiss the Complaint for the independent reason that the CAA does not apply here. In contracts involving interstate commerce, as here (Compl. ¶¶ 15-18), "the strong default presumption" is that the FAA, "not state law, supplies the rules for arbitration." *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269 (9th Cir. 2002). For "state law rules for arbitration" to apply, the "parties must clearly evidence their intent to be bound by such rules." *Id.*; *see also Astronics Elec. Sys. Corp. v. MAGicALL, Inc.*, 2022 WL 3018185, at *5 (W.D. Wash. July 29, 2022) (to overcome "the presumption that the FAA supplies the rules for arbitration . . . parties to an arbitration agreement must evidence a 'clear intent' to incorporate state law rules for arbitration"), *aff'd*, 2023 WL 3451682 (9th Cir. May 15, 2023); *Frid v. First Republic Bank*, 2014 WL 1365933, at *2 (N.D. Cal. Apr. 7, 2014) (noting strong presumption that the FAA applies in federal court, which can be rebutted only if the parties evidence a "clear intent to incorporate state [procedural] rules for arbitration").

To clearly evidence their intent, "the parties must explicitly state their intent to incorporate California law *as it relates to arbitration*." *Mosley*, 2024 WL 4804972, at *3 (emphasis in original). In

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

9

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Mosley*, for example, the court concluded that Sections 1281.97-1281.99 did not apply to the parties' dispute because the plaintiffs "have not demonstrated a clear intent to adopt California procedural rules for their individual arbitrations." *Id.* at *4. The plaintiffs cited only provisions of the parties' agreement "that reference applicable state laws on fees and expenses paid in arbitration." *Id.* "But general references to state law in an arbitration provision do not alone overcome the presumption that the FAA's procedural rules apply." *Id.* This is especially true where the arbitration agreement "states that any arbitration would be conducted according to FAA and AAA rules." *Id.*; *see also Astronics Elec. Sys. Corp.*, 2022 WL 3018185, at *5 ("Although the agreement expresses the parties' intent to construe the [agreement] using state substantive law, the [agreement] does not express a 'clear intent' to apply Washington's rules for arbitration."); *MedChoice Risk Retention Grp. Inc. v. Katz*, 2017 WL 3970867, at *5 (W.D. Wash. Sept. 8, 2017) ("[W]ell-established Ninth Circuit law holds that a general choice of law clause cannot overcome the presumption that the FAA supplies the rules for arbitration."); *Ding v. Structure Therapeutics, Inc.*, 755 F. Supp. 3d 1200, 1212 (N.D. Cal. 2024) (Section 1281.98 did not apply because parties agreed to resolve disputes pursuant to the FAA); *ValueSelling Assocs., LLC v. Temple*, 2011 WL 2532560, at *3 (S.D. Cal. June 23, 2011) (applying FAA where arbitration agreement stated that arbitration will be "governed by the AAA Commercial Rules" and made no "explicit reference to the CAA or the application of California law specifically in the context of arbitration"), *aff'd*, 520 F. App'x 593 (9th Cir. 2013).

Here, Plaintiff has not alleged that the parties "clearly evidence[d] their intent to be bound" by the CAA. *See Sovak*, 280 F.3d at 1269. Because the Complaint identifies no arbitration agreement at all, it also does not identify an agreement explicitly stating that the parties intended to apply the CAA. Nor could it. To the extent Plaintiff intends to invoke the parties' Superseded SSA, that agreement provided: "The U.S. Federal Arbitration Act applies to this Section 11"—*i.e.*, the arbitration provision—"as far as your country's laws permit," and "[t]he arbitration will be governed by the Consumer Arbitration Rules . . . of the [AAA]." (Ex. 10 § 11(c).)[3] The Superseded SSA did not mention California law: to the extent it

---

[3] The Court may consider the Superseded SSA because it "forms the basis of [Plaintiff's] claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), and the Court may take judicial notice of the

*(cont'd)*

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

10

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

referenced state law at all, it included a Washington choice of law provision. (*Id.* at § 10.) Therefore, the CAA does not apply.

In an effort to support her position that the CAA applies, Plaintiff alleges that the AAA referenced Sections 1281.97 and 1281.98 in its initial invoice to Valve, and "Valve did not object to AAA's application of California law to the arbitration proceedings at that time," but paid the invoice. (Compl. ¶¶ 30-33.) But that is irrelevant; it does not show that the parties "*explicitly* state[d] their intent to incorporate California law as it relates to arbitration" in their agreement. *Mosley*, 2024 WL 4804972, at *4. Valve's prior payment is hence insufficient to overcome the strong presumption that the FAA governs. *Id.* In *Mosley*, the AAA sent invoices with the same language referencing Sections 1281.97 and 1281.98, which the defendant paid. The court nevertheless concluded that the FAA, not the CAA, applied to the parties' court action. *Id.* at *2, *4. Arbitration providers regularly make administrative decisions regarding payment of arbitration fees; this has no bearing on the law applicable in court. *See, e.g.*, *Frazier v. X Corp.*, 155 F.4th 87, 101 (2d Cir. 2025) (JAMS ordering fee allocation); *Wallrich v. Samsung Elecs. Am., Inc.*, 106 F.4th 609, 620 (7th Cir. 2024) (AAA terminating arbitration for failure to pay fees); *Dealer Comput. Servs., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 887 (5th Cir. 2009) (same). Because the sole statutory basis for Plaintiff's Complaint does not apply, the Court should dismiss the Complaint.

**C.    The FAA Preempts Sections 1281.97-1281.99 Of The CAA Because Those Statutory Provisions Violate The FAA's Equal Treatment Principle**

Even if the Court concluded that the CAA applied, the Complaint should be dismissed because, as numerous federal courts have concluded, the FAA preempts the sections of the CAA that Plaintiff invokes. Under the FAA, arbitration is "strictly a matter of consent." *Viking*, 596 U.S. at 651. For example, Section 2 of the FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Similarly, Section 4 of the FAA provides that parties can seek "an order directing that [] arbitration

Superseded SSA for the reasons set forth in Valve's Request for Judicial Notice, dated Dec. 10, 2025, filed herewith. (Dkt. 28 at 3-4.)

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

11

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

proceed *in the manner provided for in [the parties'] agreement.*" 9 U.S.C. § 4; *see also Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 506 (2018) (observing that FAA requires arbitration consistent with "the parties' chosen arbitration procedures"). The purpose of the FAA is thus to "require[] courts to place arbitration agreements on equal footing with all other contracts." *Kindred Nursing Centers Ltd. v. Clark*, 581 U.S. 246, 248 (2017). "[A] court must hold a party to its arbitration contract just as the court would to any other kind," but it "may not devise novel rules to favor arbitration over litigation." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022). Given this equal treatment principle, "[a] state law principle that takes its meaning precisely from the fact that a contract to arbitrate is at issue does not comport with" Section 2 of the FAA and is preempted. *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987).

Sections 1281.97-1281.99 of the CAA are indisputably provisions that "take[] [their] meaning precisely from the fact that a contract to arbitrate is at issue." *Id.* at 493. Sections 1281.97(a) and 1281.98(a) impose invoice payment rules on arbitration agreements and on no other type of contract. Both provisions provide that if the "drafting party" fails to pay certain fees "within 30 days after the due date the drafting party is in material breach of the arbitration [and] is in default of the arbitration." Cal. Civ. Proc. Code §§ 1281.97(a), 1281.98(a). Similarly, Sections 1281.97(d), 1281.98(c) and (d) and 1281.99 impose mandatory sanctions for a "material breach"—sanctions that are not available, let alone mandatory, for the "material breach" of any other kind of contract. Accordingly, federal courts have repeatedly concluded that the FAA preempts these provisions. *See, e.g.*, *Brooks v. WarnerMedia Direct, LLC*, 2025 WL 3073839, at *6 (S.D.N.Y. Nov. 4, 2025) (rejecting motion to compel arbitration under Section 1281.97 because the FAA preempts); *see also Martinez v. Refinitiv, Ltd.*, 2024 WL 5424373, at *3 (C.D. Cal. Nov. 14, 2024) (concluding Section 1281.97(a) violates the equal-treatment principle); *Ding*, 755 F. Supp. 3d at 1212 (same); *Burgos v. Citibank, N.A.*, 745 F. Supp. 3d 959, 965 (N.D. Cal. 2024) (same); *Belyea v. GreenSky, Inc.*, 637 F. Supp. 3d 745, 755-59 (N.D. Cal. 2022) (same).

In *Hohenshelt v. Superior Court*, 335 Cal. Rptr. 3d 532, 557-58 (2025), the California Supreme Court concluded that the FAA does not preempt Section 1281.98(a) so long as any failure of payment is grossly negligent, willful, or fraudulent. *Hohenshelt* is not binding on this Court because preemption is a

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

12

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

question of federal law, not state law. *See Allied Pros. Ins. Co. v. Anglesey*, 952 F.3d 1131, 1136 n.2 (9th Cir. 2020). Federal courts have repeatedly concluded that the FAA preempts all of Section 1281.97-99, including 1281.98(a). *See, e.g.*, *Brooks*, 2025 WL 3073839, at *6; *Martinez*, 2024 WL 5424373, at *3; *Ding*, 755 F. Supp. at 1212; *Burgos*, 745 F. Supp. 3d at 965; *Belyea*, 637 F. Supp. 3d 745 at 755-57.

In addition, *Hohenshelt* addressed whether a different provision of Section 1281.98 was preempted—that Section's provision that a party waives its arbitration rights in the event of late or non-payment of fees. *Hohenshelt*, 335 Cal. Rptr. 3d at 557-58. *Hohenshelt* did not address the provisions of Section 1281.98 relevant here—those that require remedies *in arbitration*. In any event, Plaintiff does not allege that Valve's failure to pay the $20.8 million invoice was "grossly negligent, willful, or fraudulent." As *Hohenshelt* explained, this standard is not met where the business declines to pay arbitration fees acting in good faith rather than as a "tactic" to delay arbitrations. *Id.* at 550, 555. Valve declined to pay in good faith on the ground that the parties no longer have an agreement to arbitrate.

Valve's good faith is confirmed by a recent order by a process arbitrator in arbitrations substantially similar to those that are the basis for this action. (Ex. 9.) The process arbitrator entered a contested stay in thousands of arbitrations because there, as here, the parties disputed whether there was an agreement to arbitrate.[4] (*Id.* at 3-4.) The process arbitrator thus held that Valve was not required to pay administrative fees—the very fees Plaintiff alleges that Valve did not pay here. The order confirms that, even if the California statute applied, which it does not, Valve's decision not to pay arbitration fees was made in "good faith" and was fully justified. Therefore, even if this Court were to follow *Hohenshelt*, this matter does not fall within its exception to preemption. *See Wilson v. Tap Worldwide, LLC*, 337 Cal. Rptr. 3d 765,766 (Ct. App. 2025) (under *Hohenshelt*, "federal law would preempt section 1281.98 if the statute were interpreted to" apply, regardless of the reason for non-payment).

Independently, the FAA preempts state laws that "coercively impose arbitration in contravention of the 'first principle' of [] FAA jurisprudence: that '[a]rbitration is strictly a "matter of consent."'" *Viking*,

---

[4] Plaintiff does not ask this Court to enforce the Superseded SSA. Plaintiff does not even mention the Superseded SSA in the complaint or attach it to the pleading.

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

13

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

596 U.S. at 651. That preemption encompasses state laws that require "the use of a procedural format that makes arbitration artificially unattractive." *Id.* at 656. It also includes state laws that require arbitration on terms to which the parties did not agree. *See, e.g.*, *Lamps Plus,* 587 U.S. at 183-84 (California rule construing contract against the drafter was preempted to the extent it imposed class arbitration in the absence of the parties' consent); *Bradley v. Harris Research, Inc.*, 275 F.3d 884, 886 (9th Cir. 2001) (state law that would require arbitration in California notwithstanding Utah forum selection clause was preempted); *OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 447 (5th Cir. 2001) (state law that would require arbitration in Louisiana notwithstanding Texas forum selection clause was preempted).

Sections 1281.97-1281.99 require "procedural changes" to arbitration that are inconsistent with the procedures required by the Superseded SSA and that render arbitration artificially unattractive. *Viking*, 596 U.S. at 651. For example, Plaintiff purports to seek an order pursuant to Section 1281.97(b)(2) (Compl. ¶ 68), which permits a court to "compel arbitration in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration." Cal. Civ. Proc. Code § 1281.97(b)(2). However, the Superseded SSA did not provide for arbitration in which either party would pay the other's attorneys' fees. Under the Superseded SSA, Valve agreed to pay arbitration costs, including arbitrator compensation, for claims less than $10,000 "unless the arbitrator determines [the consumer's] claims are frivolous or were filed for harassment." (Ex. 10 § 11(c).) While Valve agreed not to seek its own attorneys' fees or costs "unless the arbitrator determines [the consumer's] claims are frivolous or were filed for harassment," Valve did not agree to pay Plaintiff's attorneys' fees and costs. (*Id.*)

Similarly, under the AAA Consumer Arbitration Rules in effect at the time the arbitration was filed—which the Superseded SSA provided would govern the arbitration—the arbitrator "may grant any remedy . . . that the parties could have received in court, including awards of attorney's fees and costs." (*See* Ex. 11, AAA Consumer Rules R-44(a).) Section 1281.97(b)(2), however, purports to take that discretion away from the arbitrator and *require* Valve to pay attorneys' fees and costs as the "drafting party," regardless of the outcome of the arbitration. This additional, extra-contractual burden to arbitration,

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

14

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

which increases the costs to arbitration beyond what the parties agreed to, runs afoul of the FAA.

Plaintiff further requests that the Court "find Valve in default on all claims of the Class Members in arbitration" and issue terminating sanctions. (Compl. ¶ 67 (citing Cal. Civ. Proc. Code § 1281.99(b)(2)(B)).) Again, the Superseded SSA does not give Plaintiff the right under any circumstances to seek a terminating sanction should Valve fail to pay fees. That is a drastic sanction normally reserved for willful and bad faith misconduct only when lesser sanctions will not suffice. *See Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380-81 (9th Cir. 1988). Nor do AAA Consumer Rules contemplate such an extreme remedy. Rather, those rules provide that, if a party fails to pay an invoice, the arbitrator may limit the party's "participation in the arbitration." (*See* Ex. 11, AAA Consumer Rules R-54(b).) But "a party shall never be precluded from defending a claim or counterclaim" due to nonpayment. *Id.* The arbitrator or AAA may suspend or ultimately terminate the proceedings, but this does not preclude a party from thereafter proceeding in court as would a "terminating sanction." (*See* Ex. 11, AAA Consumer Rules R-54(c)-(d).)

By way of further example, Section 1281.98(d) provides that an arbitrator "*shall* impose appropriate sanctions on the drafting party, including monetary sanctions, issue sanctions, evidence sanctions, or terminating sanctions" if a matter continues in arbitration after a drafting party fails to pay fees within 90 days. This too directly contradicts the AAA Consumer Rules. AAA Consumer Rule R-23 *permits* an arbitrator to make "special allocations of costs or an interim award of costs arising from . . . non-compliance" with an arbitrator's order or issue "any other enforcement orders that the arbitrator is empowered to issue under applicable law." But it expressly states that "[a]n award cannot be made only because of the default of a party." (*See* Ex. 11, AAA Consumer Rules R-39.) As such, Section 1281.98(d) strips the arbitrator of his or her discretion whether to sanction a party and authorizes sanctions that the AAA Consumer Rules expressly forbid. In short, the statute exposes a party to a risk of extreme sanction not contemplated by the parties' arbitration agreement or permitted by AAA Consumer Rules. In so doing, it also requires extra-contractual "procedural changes" to arbitration that are inconsistent with the parties' agreement and render arbitration artificially unattractive. *Viking*, 596 U.S. at 651.

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

15

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Section 1281.99(b)(2)(B) is therefore preempted.

Accordingly, Sections 1281.97-1281.99 cannot support compelling arbitration or fee payment under these circumstances. Under the FAA, "'procedural' questions which grow out of [a] dispute [in arbitration] and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (emphasis in original); *see also Mosley v. Wells Fargo & Co.*, 2024 WL 977674, at *1 (9th Cir. Mar. 7, 2024) ("It is well-settled that questions of procedure relating to arbitration are outside of the purview of the federal courts."). Arbitration fee disputes raise procedural questions that are not reviewable by a court and are instead within the sole purview of the arbitrator or arbitration provider. *See Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1013 (9th Cir. 2004) (reversing district court order compelling party "to pay its pro-rata share of the fees" because fees were governed by AAA rules and subject to AAA's discretion); *see also Frazier*, 155 F.4th at 100 (court "lacked authority" to order party "to pay . . . arbitral fees"); *Wallrich*, 106 F.4th at 620 ("[T]he district court exceeded its authority and the scope of the arbitration agreement by ordering Samsung to pay the AAA filing fees"); *Dealer Comput. Servs.*, 588 F.3d at 887 ("Payment of fees is a procedural condition precedent that the trial court should not review."); *see also Brooks*, 2025 WL 3073839, at *6 (rejecting motion to compel defendant to pay fees under Sections 1281.97-99). Therefore, this Court lacks authority under the FAA to enter the requested relief, and accordingly should dismiss the Complaint.

### D.    Sections 1281.97-1281.99 Do Not Authorize The Forms Of Relief That Plaintiff Seeks In This Action

Even if the CAA applied, and it does not, the Complaint should also be dismissed because Plaintiff is not entitled to relief under the CAA. Dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure where the relief sought is barred or unavailable. *See Baughn v. Johnson & Johnson*, 2015 WL 4759151, at *3 (W.D. Wash. Aug. 12, 2015) (dismissing without leave to amend plaintiff's request for punitive damages under Rule 12(b)(6) because such damages were barred under Washington law); *see also Tibbetts v. Keller Mortg., LLC*, 2023 WL 6725445, at *6-7 (E.D. Cal. Oct. 12, 2023).

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

16

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Sections 1281.97-1281.99 do not permit the relief Plaintiff is seeking as a matter of law:

(a) *Section 1281.97*. While Plaintiff invokes Section 1281.97 and its remedies (Compl. ¶¶ 53, 68), Plaintiff fails to allege facts entitling her to relief under that section. Section 1281.97 applies only when a "drafting party" fails to pay "fees or costs to *initiate* an arbitration." Cal. Civ. Proc. Code § 1281.97(a)(1). However, Plaintiff acknowledges that Valve paid the fees necessary to *initiate* her arbitration. (Compl. ¶ 31.) The fees Valve refused to pay were instead case management fees imposed to *continue* arbitration. (*Id.* ¶¶ 35, 42.) Hence, Section 1281.97 does not apply based on its plain language. The Court should dismiss any claim based on that provision.

(b) *Section 1281.98.* Section 1281.98(a) applies when a drafting party fails to pay "fees or costs required to *continue* the arbitration proceeding." Section 1281.98(b) then sets out a consumer's options if the drafting party fails to pay fees necessary to continue arbitration. The first option is to "[w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction." Cal. Civ. Proc. Code § 1281.98(b)(1). Section 1281.98(c) provides that if a consumer chooses this option, the consumer may bring a motion or a separate action in court to recover all attorneys' fees, and "[t]he court shall impose sanctions on the drafting party in accordance with Section 1281.99." Plaintiff did not choose this option. Plaintiff has not withdrawn from arbitration and, in fact, seeks to continue in arbitration. (Compl. Prayer for Relief ¶ c.) Accordingly, Section 1281.98(b)(1) does not apply and provides no basis for relief.

The other three options set out in Section 1281.98(b)—Sections 1281.98(b)(2), (3), and (4)—all involve continuing in arbitration. Of those, only Section 1281.98(b)(3) contemplates court intervention, so that is the only provision that would potentially have been applicable here *if* the Superseded SSA had called for the application of California arbitration law. Section 1281.98(b)(3) provides that the court may issue an "order compelling the drafting party to pay all arbitration fees that the drafting party is obligated to pay under the arbitration agreement or the rules of the arbitration provider." It does not authorize a court to compel arbitration. *Compare* Cal. Civ. Proc. Code § 1281.97(b)(3), *with id.* § 1281.97(b)(2) (expressly permitting court to compel arbitration). And, unlike under Section 1281.98(b)(1), the court is not permitted, let alone required, to award attorneys' fees and costs or impose sanctions under

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

17

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Section 1281.99. Rather, under Section 1281.98(d), the *arbitrator* "shall impose appropriate sanctions," including any "monetary sanctions" or "terminating sanctions," if a consumer "continues in arbitration pursuant to" Section 1281.98(b)(3).

Therefore, Section 1281.98 does not authorize any of the forms of relief that Plaintiff is seeking: (i) an "order rendering a default judgment against Valve" (Compl. Prayer for Relief (b)), (ii) an "order compelling Valve to proceed to arbitration and to pay all overdue invoices and all future invoices when due" (*id.* Prayer for Relief (c)), or (iii) "an award of reasonable expenses, including attorney's fees and costs" (*id.* Prayer for Relief (d)). All of this relief goes well beyond the single form of relief permitted by Section 1281.98(b)(3)—ordering Valve to "pay all arbitration fees that the drafting party is obligated to pay under the arbitration agreement or the rules of the arbitration provider." Cal. Civ. Proc. Code § 1281.98(b)(3).

*(c) Section 1281.99.* Section 1281.99 permits a court to impose monetary sanctions in the form of "reasonable expenses, including attorney's fees and costs, incurred by the . . . consumer as a result of the material breach" and other sanctions, including terminating sanctions, when a drafting party fails to pay fees pursuant to Section 1281.97(a) or Section 1281.98(a). Cal. Civ. Proc. Code § 1281.99(a)-(b). But Section 1281.98(b) envisions the court's imposition of sanctions only when a consumer withdraws from arbitration and elects to proceed in court, *id.* § 1281.98(b)(1), (c)(2), and envisions the arbitrator's imposition of sanctions in all other scenarios, *id.* § 1281.98(d). Section 1281.99 must be read with those limitations in mind. That Section does not permit the court to grant sanctions when the matter will remain in arbitration—as Plaintiff seeks to do here—and the arbitrator will decide which sanctions to apply. *See* Cal. Civ. Proc. Code § 1281.98(d). Otherwise, sanctions could be imposed twice—by the court and then by the arbitrator. Accordingly, Section 1281.99 likewise does not permit the relief Plaintiff is seeking.

Because no hypothetically applicable provision of Sections 1281.97-1281.99 authorizes the relief that Plaintiff seeks in her Complaint, her Complaint should be dismissed. *See Vaughan v. Anderson Reg'l Med. Ctr.*, 849 F.3d 588, 590 (5th Cir. 2017) (dismissing claim for pain and suffering damages when those damages were not available under the applicable statute).

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

18

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## IV. <u>THE COURT SHOULD DISMISS OR STRIKE THE CLASS CLAIMS FROM THE COMPLAINT BECAUSE THE ONLY ARBITRATION AGREEMENT THAT PLAINTIFF COULD POSSIBLY INVOKE ALSO CONTAINS A CLASS ACTION WAIVER</u>

Plaintiff cannot simultaneously allege the existence of an arbitration agreement (as she must to obtain relief under Sections 1281.97-1281.99) and also seek class relief on the basis of that agreement (because the Superseded SSA contains a class action waiver). Accordingly, the Court should dismiss or strike the class claims from the Complaint. Courts regularly dismiss class claims under Rule 12(b)(6) when the parties' agreement has a class action waiver. *See, e.g.*, *Prostek*, 662 F. Supp. 3d at 1122 (dismissing class claims because of class action waiver); *Rubio v. Marriott Resorts Hosp. Corp.*, 2023 WL 8153535, at *3 (C.D. Cal. Oct. 17, 2023) (same); *Neims v. Neovia Logistics Dist., LP*, 2023 WL 6369780, at *8 (C.D. Cal. Aug. 10, 2023) (same).

The Court may alternatively strike the class claims pursuant to Federal Rule of Civil Procedure 12(f) and/or 23(d)(1)(D). Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Similarly, Rule 23(d)(1)(D) provides that a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." In cases where the unavailability of class relief is "plain enough" based on the pleadings, courts may strike class claims at the pleading stage. *See Jeong v. Nexo Cap., Inc.*, 2023 WL 2717255, at *3 (N.D. Cal. Mar. 29, 2023) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)); *see also Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (the "Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained"). Courts regularly strike class claims when the parties' agreement has a class action waiver. *See, e.g.*, *Suchite v. ABM Aviation, Inc.*, 741 F. Supp. 3d 878, 888-89 (S.D. Cal. 2024) (striking class claims when agreement had "clear language" waiving "class, collective, or representative actions"); *Jeong*, 2023 WL 2717255, at *3 (striking class claims when plaintiff "waived his right to bring a class action when he agreed to the Borrow Terms"); *Holman*, 2021 WL 5826468, at *26 (striking class allegations when agreement "waived Plaintiff's ability to bring a class

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

19

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

action"); *Lacour v. Marshalls of CA., LLC*, 2021 WL 1700204, at *7 (N.D. Cal. April 29, 2021) (striking class claims under Rule 12(f) when agreement contained a class action waiver).

As demonstrated above, to the extent the parties have an arbitration agreement at all—which Valve disputes—that arbitration agreement, set forth in the Superseded SSA, provides: "YOU AND VALVE AGREE NOT TO BRING OR PARTICIPATE IN A CLASS OR REPRESENTATIVE ACTION." (Ex. 10 § 11.D.) This plain language bars Plaintiff's putative class action here. Plaintiff cannot claim at the same time that the Superseded SSA is the operative agreement but also that the class action waiver portion of it was unenforceable. Indeed, the class action waiver is the reason Plaintiff and thousands of other claimants brought *individual* arbitrations before the AAA. (Compl. ¶¶ 2-3, 20-24.) Because the arbitration agreement that Plaintiff would have to invoke to obtain any relief bars class claims, her class claims should be dismissed or stricken. That includes Plaintiff's request that Valve pay $20.8 million in arbitration fees for thousands of individuals who have no arbitration rights. Plaintiff's request should be limited to any available individual relief, which Valve contends is none.

## V.   CONCLUSION

For the foregoing reasons, Valve respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice or—if it does not dismiss the Complaint in its entirety—dismiss or strike Plaintiff's class claims.

//

//

//

//

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

20

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED: December 10, 2025

I certify that this memorandum contains 7,873 words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

Virginia F. Milstead, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
virginia.milstead@skadden.com

*Attorneys for Defendant Valve Corporation*

VALVE CORPORATION'S
MOTION TO DISMISS CLASS
ACTION COMPLAINT AND
DISMISS OR STRIKE CLASS
CLAIMS
(No. 2:25-cv-02450-JNW)

21

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900