THE HON. JAMAL N. WHITEHEAD

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| **PAMELA WELTY,** on behalf of herself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**VALVE CORPORATION**,<br><br>Defendant. | **PLAINTIFF WELTY'S OPPOSITION TO DEFENDANT VALVE CORP.'S MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO DISMISS OR STRIKE CLASS CLAIMS**<br><br>CASE NO. 2:25-cv-02450-JNW<br><br>NOTE ON MOTION CALENDAR:<br>February 4, 2026 |

# TABLE OF CONTENTS

**SECTION**                                                     **PAGE**

TABLE OF CONTENTS ................................................................................................. ii

TABLE OF AUTHORITIES .......................................................................................... iv

I.     INTRODUCTION ...................................................................................... 1

II.    PROCEDURAL HISTORY ........................................................................ 3

III.   STATEMENT OF FACTS........................................................................... 3

    A.    Consumer Arbitrations Were Initiated Against Valve and Administered by the AAA .... 3

    B.    Plaintiff Welty and Putative Class Members Initiate Mass Individual Arbitrations ......... 4

    C.    Valve Pays $1.86 Million in Filing Fees and Participates in Mediation ........................... 4

    D.    AAA Issues a $20.875 Million Invoice Under California Law ....................................... 4

    E.    Valve Refuses to Pay Arbitration Fees and Strategically Requests Closure .................... 5

IV.   LEGAL STANDARD.................................................................................. 5

    A.    Rule 12(b)(6) Motion to Dismiss ................................................................................ 5

    B.    Rule 12(f) and Rule 23 Motions to Strike ................................................................... 6

V.    ARGUMENT ............................................................................................. 7

    A.    The Complaint States a Claim for Violation of the CAA ............................................. 7

    B.    The SSA Does Not Preclude Application of the Fee Payment Sections of the CAA ....... 8

        1.    The AAA Applied the CAA Consistent With the SSA and FAA................................ 8

        2.    California's Fundamental Policy and SB 707 Render Valve's Washington Choice-of-Law Provision Unenforceable as to CAA Fee-Protection Remedies ....... 10

        3.    Even if the FAA Governs Arbitrability, It Does Not Preempt California's State Statutory Fee-Payment Rule as Applied Here ......................................................... 12

    C.    Valve's Attack on the Remedies Available under the CAA Is Not a Basis for Dismissal.......................................................................................................... 13

        1.    Orders Compelling Payment of Arbitration Fees..................................................... 14

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO        ii
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

MASON LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

2.    Orders Compelling Valve to Proceed in Arbitration.................................... 14

3.    Reasonable Expenses, Attorney's Fees, and Costs ..................................... 14

4.    Entry of Default Against Valve................................................................... 15

5.    Additional Sanctions .................................................................................. 15

D.   The Court Should Deny Valve's Motion to Strike Class Allegations as Premature........ 16

1.    Striking Class Allegations at the Outset Is Disfavored ............................................ 16

2.    Valve's Inconsistent Application of Superseded and Revised Agreements ............... 16

VI.   CONCLUSION ..................................................................................................................... 17

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO                   iii
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

MASON LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

## TABLE OF AUTHORITIES

**CASES**                                                                          **PAGE(S)**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009). ............................................................................................. 5, 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007). ................................................................................................ 5

*Belyea v. GreenSky, Inc.*,
   637 F. Supp. 3d 745 (N.D. Cal. 2022). ................................................................... 12

*Dr.'s Assocs., Inc. v. Casarotto*,
   517 U.S. 681 (1996). .............................................................................................. 12

*Durnford v. MusclePharm Corp.*,
   907 F.3d 595 (9th Cir. 2018). .................................................................................. 6

*Hohenshelt v. Super. Ct.*,
   18 Cal. 5th 310 (2025) ..................................................................................... passim

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
   505 F. Supp. 2d 609 (N.D. Cal. 2007). .................................................................... 6

*Jensen v. Brown*,
   131 F.4th 677 (9th Cir. 2025). ................................................................................ 18

*Lusnak v. Bank of Am., N.A.*,
   883 F.3d 1185 (9th Cir. 2018) .................................................................................. 6

*Mason v. Spring EQ LLC*,
   No. 5:24-cv-01833 MWC (AGRx), 2025 WL 576551 (C.D. Cal. Jan. 22, 2025). ................... 16

*Mosley v. Wells Fargo & Co.*,
   No. 24-CV-03173-JST, 2024 WL 4804972 (N.D. Cal. Nov. 14, 2024). ...................... 9

*Nedlloyd Lines B.V. v. Super. Ct.*,
   3 Cal. 4th 459 (1992) ............................................................................................... 11

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO       iv
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

*Trujillo v. J-M Mfg. Co.*,

    328 Cal. Rptr. 3d 1 (Ct. App. 2024). .................................................................. 1, 7, 17

*U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*,

    931 F.3d 966 (9th Cir. 2019). .................................................................. 6

*Valve Corp. v. Bucher L. PLLC*,

    571 P.3d 312 (Wash. Ct. App. 2025). .................................................................. 2

*Wallrich v. Samsung Elec. Am., Inc.*,

    106 F. 4th 87 (2d Cir. 2025). .................................................................. 9

*Wash. Mut. Bank, FA v. Super. Ct.*,

    24 Cal. 4th 906 (2001)..................................................................11

*Whittlestone, Inc. v. Handi–Craft Co.*,

    618 F.3d 970 (9th Cir. 2010). .................................................................. 16

*Willis v. Enter. Drilling Fluids, Inc.*,

    No. 1:15–cv–00688–JLT, 2015 WL 6689637 (E.D. Cal. 2015)................................................. 16

*Wolfire Games, LLC v. Valve Corp.*,

    No. C21-0563-JCC, 2021 WL 4952220 (W.D. Wash. Oct. 25, 2021). ....................................... 8

*Wysocki v. Zoom Techs. Inc.*,

    No. 3:22-cv-05453-DGE, 2024 WL 1139094 (W.D. Wash. Mar. 15, 2024). ........................... 16

**STATUTES**                                                **PAGE(S)**

Cal. Civ. Code § 1511. .................................................................. 12

Cal. Civ. Code § 1668..................................................................10, 11

Cal. Civ. Code § 3275. .................................................................. 12

Cal. Civ. Code § 3513..................................................................10, 11

Cal. Civ. Proc. Code § 473(b). .................................................................. 12

California Arbitration Act ("CAA"), Cal. Civ. Proc. Code §§ 1280–1294.2. ........................ passim

California Arbitration Act ("CAA"), Cal. Civ. Proc. Code §§ 1281.97–1281.99. .................. passim

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

v

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). ........................................................ 3

Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*...................................................... passim

**RULES**                                                                                            **PAGE(S)**

AAA Consumer Arbitration Rules (Sept. 1, 2014). ....................................................... 8, 9, 13

Fed. R. Civ. P. 8(a)(2). ....................................................................................................... 5

Fed. R. Civ. P. 12(b)(6). ............................................................................................... passim

Fed. R. Civ. P. 12(f)................................................................................................... 6, 16, 18

Fed. R. Civ. P. 15(a)(2). .................................................................................................... 18

Fed. R. Civ. P. 23............................................................................................................ 6, 16, 18

**LEGISLATIVE MATERIALS**                                                                            **PAGE(S)**

S.B. 707, 2019–2020 Reg. Sess., ch. 870, § 1(b) (Cal. 2019). ............................................ passim

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO          vi
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

## I.    **<u>INTRODUCTION</u>**

The California legislature enacted Sections 1281.97 through 1281.99 of the California Code of Civil Procedure expressly to prevent companies from forcing consumers into mandatory arbitrations and then stalling or effectively terminating those arbitrations by deliberately refusing to pay arbitration fees. That is precisely the situation here. Defendant Valve Corporation ("Valve") compelled Plaintiff Pamela Welty ("Welty") and thousands of other consumers into individual arbitrations before the American Arbitration Association (the "AAA") as a condition of using its Steam platform and, more to the point, to defeat a pending federal consumer class action. Compl. ¶¶ 2–4, 20–25. After securing an order compelling arbitration and staying the class action, Valve accepted the arbitral forum, paid more than $1.86 million in filing fees, and participated in the process for nearly two years. *Id.* ¶¶ 23–24, 29–33. But when AAA invoiced Valve $20,875,400 for 14,911 arbitrations, which included the claims of Welty and 1,698 other California consumers, Valve refused to pay and demanded that AAA close the cases. *Id.* ¶¶ 26–27, 31–35, 42–47.

Valve's willful and strategic refusal to pay the requisite arbitration fees has prevented Plaintiff and the putative California class from obtaining adjudication on the merits in the forum Valve itself demanded. The payment of fees is a mandatory precondition before the AAA appoints arbitrators and moves the cases beyond a purely administrative posture. Compl. ¶¶ 35, 42–43. By withholding payment, Valve has effectively frozen the claims of Welty and more than 1,600 other California claimants, which is the very problem Sections 1281.97–1281.99 (referred to alternatively as "SB 707"[1]) were enacted to cure. S.B. 707, 2019–2020 Reg. Sess., ch. 870, § 1(b) (Cal. 2019); *see also Hohenshelt v. Super. Ct.*, 18 Cal. 5th 310, 329 (2025) (explaining that the statute was designed to "solve a very specific problem. namely, the procedural limbo and delay that consumers and employees face when they are forced to submit to mandatory arbitration to resolve [a] ... dispute, and the business or company that pushed the case into an arbitral forum then

---

[1] SB 707 was the California Senate Bill that added Sections 1281.97, 1281.98, and 1281.99 to, the Code of Civil Procedure, relating to arbitration.

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

stalls or obstructs the arbitration proceeding by refusing to pay the required fees.") (internal citations omitted); *accord Trujillo v. J-M Mfg. Co.*, 328 Cal. Rptr. 3d 1, 6–7 (Ct. App. 2024) (noting that the main objective of Section 1281.98 is to deter employers and businesses "from strategically withholding payment of arbitration fees so that they could no longer stymie the ability of employees [or consumers] to assert their legal rights.") (internal citations omitted).

In moving to dismiss, Valve does not deny that it compelled arbitration, that it paid the initial fees, that AAA invoiced it, $20,875,400, or that it failed to pay that invoice within the 30 days required by Section 1281.98. Instead, Valve advances five interrelated defenses, contending: (1) that the Complaint fails because it does not attach or quote the Arbitration Agreement, even though Valve's own litigation history and admissions establish its existence; (2) that the Arbitration Agreement's reference to the Federal Arbitration Act (the "FAA") precludes application of the CAA's provisions on fee payment default; (3) that the FAA categorically preempts Sections 1281.97–1281.99 as a matter of law; (4) that Sections 1281.97–1281.99 do not authorize the forms of relief Plaintiff seeks; and (5) that Plaintiff's class allegations must be dismissed or stricken based on a class action waiver that Valve itself eliminated months before Welty's statutory fee-enforcement claims accrued. *See generally* Valve's Mot. to Dismiss, ECF No. 30 ("Brief" or Br.").

As explained in detail below, each of Valve's arguments fails. In the end, the Complaint pleads a straightforward statutory claim: Plaintiff and Class members initiated arbitrations as required by Valve; the AAA invoiced Valve for fees; Valve refused to pay. Compl. ¶¶ 1, 6–14, 42–47, 60–63. That is all Sections 1281.97–1281.99 require at the pleading stage. Valve's motion should be denied.[2]

---

[2] Valve's casting of aspersions on Plaintiff's counsel, *e.g.*, characterizing this litigation as "an "improper mass arbitration scheme" designed to enlist the Court's aid in an "extortionate, windfall settlement," can be safely ignored. As the Washington Court of Appeals recently observed in addressing identical arguments Valve lodged against counsel representing other claimants: "The conduct Valve complains of—the filing of thousands of individual arbitration requests—is a direct result of its own agreement barring class actions and prohibiting collective or representative arbitration. [...] On this particular issue, Valve is hoist by its own contractual petard." *See Valve Corp. v. Bucher L. PLLC*, 571 P.3d 312, 321 & n.6 (Wash. Ct. App. 2025).

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

2

MASON LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

## II.     PROCEDURAL HISTORY

On or about May 2, 2025, Plaintiff Pamela Welty filed her Class Action Complaint in the Superior Court of California, County of Tuolumne, alleging statutory claims for relief under Cal. Civ. Proc. Code Sections 1281.97–1281.99 arising from Valve's willful refusal to pay mandatory arbitration fees. Compl., ECF No. 1-1. On June 5, 2025, Valve filed a notice of removal, transferring this action to the United States District Court for the Eastern District of California under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). ECF No. 1. On December 3, 2025, this action was thereafter transferred to this Court. ECF Nos. 19–20.

On December 10, 2025, Valve filed the present Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), challenging both the sufficiency of the pleadings and the applicability of California's fee-protection statutes. ECF No. 30.

## III.     STATEMENT OF FACTS

### A.     Consumer Arbitrations Were Initiated Against Valve and Administered by the AAA

In 2021, seven consumers brought a putative consumer class action against Valve in this District alleging antitrust violations arising from Valve's digital gaming platform, Steam. Compl. ¶¶ 20–22. Valve filed a motion to compel arbitration and to stay the entire class action case pending resolution of those claims in arbitration. *Id.* ¶ 23. The consumers opposed the motion.

On October 25, 2021, after receiving briefing and hearing oral argument from both sides, the Court granted Valve's motion to compel arbitration and stayed the consumer plaintiffs' federal class action case pending arbitration. *Id.* ¶¶ 2, 24. Pursuant to that order, thousands of affected consumers retained counsel to pursue their respective individual antitrust claims. *Id.* ¶¶ 2, 3. On July 21, 2023, consistent with Valve's terms of service requiring notice prior to filing demands, Plaintiff's counsel wrote to Valve on behalf of over 70,000 claimants to inform Valve of the basis for their respective antitrust claims and their intent to pursue individual arbitrations. *Id.* ¶ 25.

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

3

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

**B.      Plaintiff Welty and Putative Class Members Initiate Mass Individual Arbitrations**

In December 2023, Plaintiff Welty and 14,910 other claimants filed individual demands for arbitration with AAA. Compl. ¶¶ 5, 26. Plaintiff Welty and 1,698 other putative Class Members who are all California consumers each designated California as the location for their respective AAA arbitrations. *Id.* ¶¶ 27, 49, 50, 61. AAA confirmed receipt of the demands and notified counsel that each of the 14,911 claimants was responsible for their portion of AAA filing fees, amounting to $1,143,325.00. *Id.* ¶ 6; Compl. Ex. A. Each of the 14,911 claimants, including Plaintiff Welty and the other California Class Members, paid their share of those filing fees. Compl. ¶¶ 6, 26, 29.

**C.      Valve Pays $1.86 Million in Filing Fees and Participates in Mediation**

On February 22, 2024, AAA determined that the 14,911 cases met AAA's administrative filing requirements and informed the parties that "[a]t this time, Valve Corporation is now responsible for payment of the initial filing fees for these 14,911 cases totaling $1,866,100.00." Compl. ¶¶ 7–8, 30; Compl. Ex. A.

Critically, the AAA notified Valve that

> [a]s one or more of these arbitrations is subject to California Code of Civil Procedure sections 1281.97 and 1281.98, payment from the Business must be paid by 30 days from the date of this letter or AAA may close these cases.

Compl. Ex. A. Valve paid the $1,866,100 non-refundable filing fees without objection and did not contest AAA's application of the CAA's fee-protection statutes. Compl. ¶¶ 31–33. Following this payment, the parties agreed to mediate and paused the arbitrations. *Id.* ¶¶ 37–38. Mediation took place on February 4, 2025, but resulted in an impasse, after which the AAA lifted the administrative hold. *Id.* ¶¶ 40–41.

**D.      AAA Issues a $20.875 Million Invoice Under California Law**

On March 24, 2025, the AAA issued an invoice for additional arbitration fees to Valve for the 14,911 filed arbitration claims, totaling $20,875,400.00, which were due upon receipt and

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

4

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

required before AAA could appoint individual arbitrators to hear the claims. Compl. ¶ 42; Compl. Exs. C–D. In its correspondence, AAA again explicitly invoked the CAA, stating:

> As some of these arbitrations are subject to California Code of Civil Procedure (CCCP) Section 1281.98, we are providing the attached invoice in accordance with that statute. Payment is due upon receipt and must be paid by 30 days from the Due Date provided on the attached invoice.

Compl. ¶ 45; Compl. Ex. C.

Pursuant to the requirements of CAA Section 1281.98, AAA set a payment deadline of April 24, 2025, which AAA warned would not be extended. Compl. ¶ 45 & Compl. Ex. C.

**E.    Valve Refuses to Pay Arbitration Fees and Strategically Requests Closure**

Rather than pay the additional arbitration fees invoiced by the AAA, Valve demanded that AAA close all of the arbitrations against the company. Compl. Ex. C. The AAA declined, stating that "any requests [by Valve] to close these matters are properly directed to arbitrators [once they are assigned]." Compl. ¶ 43; Compl. Ex. C. Nevertheless, Valve did not pay the invoice by April 24, 2025, and it continues to deliberately withhold payment as of the date of this filing. As a result, the $20,875,400 invoice remains unpaid. *Id.* ¶¶ 11, 46–47, 62–63. Plaintiff Welty alleges that Valve's continuing refusal to pay is not inadvertent or a mistake, but is willful and strategic, and that Valve's aim is to derail the arbitrations and thwart Plaintiff and the Class Members from having their arbitration claims heard on the merits. *Id.* ¶¶ 1, 11, 12, 14, 18, 46, 47, 62.

**IV.    LEGAL STANDARD**

**A.    Rule 12(b)(6) Motion to Dismiss**

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

5

MASON LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Critically, affirmative defenses generally are not resolved on a Rule 12(b)(6) motion unless the defense is apparent on the face of the complaint. *Durnford v. MusclePharm Corp.*, 907 F.3d 595, 603 n.8 (9th Cir. 2018); *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972–73 (9th Cir. 2019). Dismissal is permitted only when the plaintiff effectively "pleads itself out of court" by admitting to all the ingredients of an impenetrable defense within the complaint. *Durnford*, 907 F.3d at 603 n.8. "Ordinarily, [even] affirmative defenses such as preemption may not be raised on a motion to dismiss except when the defense raises no disputed issues of fact." *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1194 n.6 (9th Cir. 2018).

As shown below, Valve's motion raises numerous affirmative defenses that cannot be resolved at the pleading stage because they rely upon and require resolution of disputed factual matters outside the four corners of the Complaint. These defenses require development of a factual record regarding the timing, motive, intent, and effect of Valve's unilateral contract amendments, as well as Valve's refusal to pay arbitration fees and whether it was "willful" and "strategic" under the standard set forth in *Hohenshelt*, 18 Cal. 5th at 323–24.

## B. Rule 12(f) and Rule 23 Motions to Strike

Motions to strike class allegations at the pleading stage are heavily disfavored because Rule 23 issues are typically fact-dependent and properly resolved only on a developed record. *See, e.g.*, *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614–15 (N.D. Cal. 2007). Here, Welty's statutory fee-payment claims did not accrue until April 24, 2025, i.e., when Valve failed to pay its AAA fees. Valve, however, seeks to apply a class action waiver from a superseded subscriber agreement that Valve contends has not been in effect since September 26, 2024. This raises disputed questions of contract formation, interpretation, retroactivity, and/or prospective application that are inappropriate for early resolution.

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

6

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

## V.    ARGUMENT

### A.    The Complaint States a Claim for Violation of the CAA

The CAA provides, in part, that if "fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date" by the drafting party, the drafting party is in material breach and default and waives the right to compel arbitration. Cal. Civ. Proc. Code § 1281.98(a)(1). Consequently, an aggrieved consumer may petition the court for an order compelling the drafting party to pay required fees and costs, and the court *must* impose monetary sanctions and *may* impose additional sanctions, including entry of default. *Id.* §§ 1281.98(b)(3), 1281.99(a)–(b).

According to Valve, it was not the "drafting party" because no arbitration currently exists between Plaintiff Welty and Valve. Cal. Civ. Proc. Code § 1280(e), however, defines "drafting party" as the company or business that included a pre-dispute arbitration provision in a contract with a consumer or employee. Valve obviously is that company. To be sure, the "drafter" is the entity that "pushed the case into an arbitral forum and, historically, burdened a consumer . . . with the procedural limbo and delay the Legislature sought to address." *Trujillo*, 328 Cal. Rptr. 3d at 12.

The Complaint's allegations more than plausibly establish that Valve is the drafting party, having drafted the applicable arbitration provision:

- Valve is in the business of selling digital PC games and requires consumers to agree to its Steam Subscriber Agreement ("SSA") before purchasing its products. Compl. ¶ 15.

- Valve successfully moved to compel arbitration in this District based on its SSA. *Id.* ¶¶ 23–24.

- Welty and the Class provided pre-arbitration notice and filed demands as required by Valve's agreement. *Id.* ¶¶ 25–26.

- AAA accepted the claims for administration and invoiced Valve for over $20 million, citing the statutory 30-day deadline under Section 1281.98. *Id.* ¶ 42; Compl. Exs. C–D.

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

7

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

In the 2021 order compelling arbitration, the Court expressly noted that "[c]onsumers wishing to purchase games through the Steam Store must check a box indicating their agreement to the terms and conditions of Defendant's [SSA] . . . [which] includes a provision requiring arbitration." *Wolfire Games, LLC v. Valve Corp.*, No. C21-0563-JCC, 2021 WL 4952220, at *1 (W.D. Wash. Oct. 25, 2021). As the party which forced acceptance of its arbitration agreement onto the Plaintiff and members of the Class, Valve is undeniably the drafting party.

**B.**    <u>**The SSA Does Not Preclude Application of the Fee Payment Sections of the CAA**</u>

Valve argues that because the SSA references the FAA and Washington law, it categorically forecloses the application of Sections 1281.97 and 1281.98 of the CAA fee-default provisions. Br. 9–11. This contention fails for reasons rooted in the distinction between substantive arbitrability and administrative procedure.

*1.    The AAA Applied the CAA Consistent With the SSA and FAA*

Valve's Motion rests on the mistaken notion that the FAA's governance of the "validity and enforceability" of an arbitration agreement completely displaces state laws governing the administrative billing of arbitration fees. In fact, the FAA's procedural rules are not comprehensive, and state rules may fill the gaps so long as they are not inconsistent with the mandate that arbitration agreements remain "valid, irrevocable, and enforceable." 9 U.S.C. § 2; *see also Hohenshelt*, 18 Cal. 5th at 327 ("[B]ecause the procedures in the FAA are not comprehensive, every state has enacted its own arbitration act to fill in gaps left by the FAA . . . Those state rules govern so long as they are consistent with the FAA's mandate.") Thus, even if the FAA governs the *enforceability* of the arbitration clause, it does not follow that the CAA's arbitration fee payment statutes are unavailable to fill the procedural gaps regarding a party's failure to fund the arbitration forum.

Here, the SSA provides that "[t]he arbitration will be governed by the Consumer Arbitration Rules . . . of the American Arbitration Association ('AAA')" and "[t]he AAA will administer the arbitration." SSA, Section 11. Thus, the Parties agreed that AAA would

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

8

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

"administer" the proceedings under its "Rules." AAA acted within its delegated authority when it determined that the CAA fee-payment provisions applied. Under the AAA Rules, AAA has broad authority to administer the proceeding, which necessarily includes determining the applicable payment schedule and billing procedures. Rule 54(b) of the operative AAA Consumer Arbitration Rules (Sept. 1, 2014) defines AAA's authority to provide remedies for nonpayment. *See* AAA Consumer Arbitration Rules at 32, attached as Ex. 11 to the Decl. of Blake Marks-Dias in Supp. of Valve's Req. for Jud. Not., ECF No. 29-1. The Rule provides that AAA may direct "what measures might be taken in light of a party's nonpayment," upon a party's request. *Id.* When AAA issued the March 2025 invoice to Valve, AAA expressly determined that its fee procedures and fee deadlines were "subject to California Code of Civil Procedure sections 1281.97 and 1281.98" and issued invoices "in accordance with that statute." Compl. Exs. A, C.

Thus, Valve's argument that the FAA-governance clause in the SSA precludes application of the CAA ignores the authority granted to AAA by Valve's SSA. When AAA issued the March 2025 invoice "in accordance with" Section 1281.98, it was not imposing California law over the FAA; AAA was exercising the administrative authority that Valve expressly delegated to it to fill a procedural gap. Thus, Valve's challenge to the application of Sections 1281.97 and 1281.98 of the CAA is an improper attempt to unravel an administrative determination made by the very entity Valve insisted upon in its motion to compel arbitration.

Valve's reliance on cases like *Wallrich v. Samsung Elec. Am., Inc.*, 106 F. 4th 87 (2d Cir. 2025), and *Mosley v. Wells Fargo & Co.*, No. 24-CV-03173-JST, 2024 WL 4804972, at *2 (N.D. Cal. Nov. 14, 2024), to argue that arbitrator decisions regarding filing fees have no bearing on the law applicable in this Court, is misplaced because of the procedural posture of the underlying claims. Those cases involved situations where the arbitral forum closed the matter entirely, unlike here, where AAA has placed Welty's and the Class Members' arbitrations in suspension specifically to allow the claimants, including Welty, to seek the remedies provided by the CAA

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

9

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

through the courts, all of which Valve admits.[3] Adjudication of Welty's claims in this action will not interfere in AAA's administration of these stayed arbitrations.

2.    *California's Fundamental Policy and SB 707 Render Valve's Washington Choice-of-Law Provision Unenforceable as to CAA Fee-Protection Remedies*

California law categorically prohibits private agreements that require consumers to forgo unwaivable statutory rights or that exempt a party from responsibility for its own violations of law. Cal. Civ. Code § 3513 provides that "[a] law established for a public reason cannot be contravened by a private agreement." Cal. Civ. Code § 1668 similarly mandates that "[a]ll contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own ... violation of law, whether willful or negligent, are against the policy of the law." Cal. Civ. Code §§ 1668, 3513.

The rights and remedies afforded by Sections 1281.97–1281.99 are absolute and cannot be waived. The Legislature expressly incorporated these principles into SB 707's legislative findings:

> In California, private contracts that violate public policy are unenforceable. Under Section 3513 of the Civil Code, contract terms that require a party to forgo unwaivable statutory rights are unenforceable. Similarly, Section 1668 of the Civil Code provides that contracts exempting parties from responsibility of their own violation of law are also unenforceable.

S.B. 707, 2019–2020 Reg. Sess., ch. 870, § 1(b) (Cal. 2019).

The Legislature further clarified that "a mandatory arbitration agreement, like any other agreement, cannot undercut unwaivable state statutory rights by... eliminating certain statutory remedies, or erecting excessive cost barriers to obtaining them." *Id.* § 1(b). Sections 1281.97–1281.99 were enacted to implement these policies precisely to ensuring that "a drafting party"

---

[3] *See* ECF No. 29-1 at Ex. 4 to Blake Marks-Diaz Decl., p.11 (Valve stating "The AAA instead sent Valve an invoice for $20,875,400 for case management fees ($1,400 per claimant for 14,911 claimants). [...] Valve declined to pay that invoice [...]. [Claimants] requested that the AAA stay the arbitrations so that [claimants] could pursue an action under California Code of Civil Procedure § 1281.97-99, a request that the AAA accommodated.") (emphasis added).

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

10

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

could no longer continue to "avoid the consequences of their behavior by not paying for the dispute to be arbitrated." *Hohenshelt v. Super. Ct.*, 18 Cal. 5th 310, 329 (2025). The Legislature identified a "concerning and troubling trend" of companies requiring arbitration and then refusing to pay fees, thereby "stymieing the ability of employees and consumers to assert their legal rights." *Id.*

Valve does not dispute that its aim is to derail the very arbitrations it demanded in lieu of a single class case. Valve, however, contends that Welty and the other California Class members have no cause of action because a Washington choice-of-law provision displaces California's arbitration fee-protection statutes for California consumers. Allowing Valve to side-step California law would do exactly what SB 707 forbids: it would "undercut unwaivable state statutory rights" by eliminating the very remedies the Legislature created to address strategic nonpayment and "procedural limbo." S.B. 707, ch. 870, § 1(b)–(d). Moreover, it would effectively "exempt" Valve from responsibility for its "violation of law," *i.e.,* its willful failure to timely pay fees required under Section 1281.98, in direct contravention of Civil Code Section 1668. Cal. Civ. Code § 1668. Under California's fundamental public policy, such an outcome is impermissible as "a law established for a public reason cannot be contravened by a private agreement." Cal. Civ. Code § 3513.

Accordingly, even if the SSA contains a Washington choice-of-law clause, that provision cannot be imposed in such a manner as to strip California consumers of the unwaivable rights and remedies secured by Sections 1281.97–1281.99. *See Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal. 4th 459, 466–67 (1992) (choice-of-law clause unenforceable where it would contravene a fundamental California policy); *Wash. Mut. Bank, FA v. Super. Ct.*, 24 Cal. 4th 906, 916–18 (2001) (same). California's Legislature has expressly declared that fee-protection remedies under SB 707 implement fundamental, unwaivable public policy. Thus, any contractual term that would effectively relieve Valve of its statutory obligation to pay fees contravenes the Legislature's findings and is unenforceable under Civil Code Sections 3513 and 1668.

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

11

MASON LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

*3.      Even if the FAA Governs Arbitrability, It Does Not Preempt California's State Statutory Fee-Payment Rule as Applied Here*

The FAA preserves generally applicable contract and equitable principles. 9 U.S.C. § 2. The Supreme Court has consistently held that the FAA's savings clause permits state law defenses that apply to contracts generally, such as fraud, duress, unconscionability, and material breach. *See Dr.'s Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

*Hohenshelt* confirms that Section 1281.98 can be applied consistently with traditional contract principles, not as a rigid, automatic penalty for every breach, but through a determination of whether a failure to timely pay arbitration fees was willful, grossly negligent or fraudulent, consistent with generally applicable contract doctrine. *Hohenshelt*, 18 Cal. 5th at 323–24, 329. Thus, the California Supreme Court emphasized that the statute must be read to preserve ordinary equitable defenses such as relief from forfeiture (Cal. Civ. Code § 3275), impossibility or impracticability (Cal. Civ. Code § 1511), and relief for mistake or excusable neglect (Cal. Civ. Proc. Code § 473(b)). *Id.* at 332–35. By requiring a showing of willfulness, gross negligence, or fraud before automatic consequences apply, Section 1281.98 thus does not single out arbitration agreements for different treatment from other contracts but requires consideration of whether the failure to pay fees was willful before penalties can be applied under the act, a principle rooted in general contract law and fully compatible with the FAA's savings clause.

Valve's preemption argument, however, relies on a line of cases that applied or viewed SB 707 as a rigid and automatic penalty, an interpretation the California Supreme Court has expressly disapproved, and upon which the claimants do not rely. *Id.* at 332–35, 341–49. By harmonizing the CAA with ordinary contract principles to determine whether relief from forfeiture or other penalties are warranted based on circumstances relating to the non-payment, *Hohenshelt* rendered moot the analysis relied upon by earlier courts to find preemption. Consequently, Valve's reliance on federal decisions, such as *Belyea v. GreenSky, Inc.*, 637 F. Supp. 3d 745 (N.D. Cal. 2022), is fundamentally flawed. Those courts based their analyses on the now-disapproved strict liability

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-cv-02450-JNW

12

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

framework in cases applying penalties without regard for the nature and extent of the late payment or a determination on whether the breach was willful or inadvertent and whether penalties were warranted. *See Hohenshelt*, 18 Cal. 5th at 349 (listing disapproved preemption cases). Because their opinions are based on now-false premises and/or now disapproved cases, these older federal authorities are no longer persuasive. Under the definitive *Hohenshelt* standard, SB 707 is a valid, non-preempted state-law rule for addressing material breach in consumer contracts.

Here, the pleaded record reflects the AAA's express invocation of the statutory payment deadline and its non-extendibility under Sections 1281.97 and 1281.98, as well as Valve's notice of that framework and continuing refusal to pay. Compl. ¶¶ 30, 44–45, 64; Compl. Ex. C. Valve's partial performance under that framework, when it paid, without objection, $1.86 million in non-refundable arbitration fees, further evidences Valve's notice and acceptance of both the AAA Rules and CAA Sections 1281.97–1281.99. Compl. ¶¶ 8, 30–31 & Compl. Ex. A. Valve cannot now claim ignorance of, or exemption from, the very Rules and statutory fee regime the company fought for, obtained, and followed for over a year.

**C.      <u>Valve's Attack on the Remedies Available under the CAA Is Not a Basis for Dismissal</u>**

Valve contends that Sections 1281.97–1281.99 do not authorize the relief Plaintiff seeks and moves to dismiss on that basis. Br. at 16–18. This argument misreads the plain language of the statutes and ignores their comprehensive remedial framework.

As a preliminary matter, Plaintiff seeks the following relief:

    a.  An order compelling Valve to pay all arbitration fees invoiced by AAA. Compl. ¶ 65.

    b.  An order compelling Valve to pay all future invoiced arbitration fees when due. *Id.* ¶ 66.

    c.  Entry of default against Valve on all claims of Class Members in arbitration. *Id.* ¶ 67.

    d.  Reasonable attorney's fees and costs. *Id.* ¶ 68.

    e.  In the alternative, an order compelling Valve to proceed to arbitration and to pay all overdue and future invoices when due. *Id.*

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

13

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

f.    Such other and further relief as the Court deems just and proper. *Id.*

Sections 1281.97–1281.99 expressly authorize each of these forms of relief.

Section 1281.97 addresses fees "required before the arbitration can proceed," while Section 1281.98 addresses fees "required to continue the arbitration proceeding." Cal. Civ. Proc. Code §§ 1281.97(a)(1), 1281.98(a)(1). Here, the fees Valve refuses to pay are required by the AAA before it can assign merits arbitrators and otherwise continue the arbitration. Thus, Valve's unpaid fees arguably may fall within both sections.

### 1.    Orders Compelling Payment of Arbitration Fees

Section 1281.98(b)(3) expressly authorizes Plaintiff to "[p]etition the court for an order compelling the drafting party to pay all arbitration fees that the drafting party is obligated to pay under the arbitration agreement or the rules of the arbitration provider." Cal. Civ. Proc. Code § 1281.98(b)(3). This language unambiguously covers Welty's request for an order compelling Valve to pay the $20,875,400 invoiced by the AAA and all future invoices when due. Compl. ¶¶ 65–66.

### 2.    Orders Compelling Valve to Proceed in Arbitration

Section 1281.97(b)(1) permits the consumer to "[c]ompel arbitration in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration." Cal. Civ. Proc. Code § 1281.97(b)(1). Valve argues this provision applies only to fees required to "initiate" arbitration, but the statute also applies to "any fees and costs required before the arbitration can proceed." *Id.* § 1281.97(a)(1); Br. at 17. Here, the fees Valve refuses to pay are required before the AAA can assign merits arbitrators to each case. An arbitration cannot proceed without an arbitrator. Thus, Valve's unpaid fees fall within this subsection's plain language too. Compl. ¶¶ 35, 42–43.

### 3.    Reasonable Expenses, Attorney's Fees, and Costs

Section 1281.99(a) mandates that "[t]he court *shall* impose a monetary sanction against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97 or subdivision (a) of Section 1281.98, by ordering the drafting party to pay the reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-cv-02450-JNW

14

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

a result of the material breach." Cal. Civ. Proc. Code § 1281.99(a) (emphasis added). Valve's suggestion that Section 1281.99 applies only when a consumer withdraws from arbitration is unsupported by the statute's language. The statute applies whenever a party subject to Section 1281.97–1281.98 materially breaches a fee-payment obligation, regardless of whether the consumer elects to withdraw. *Id.*

4.    *Entry of Default Against Valve*

Section 1281.99(b)(2)(B) authorizes the court to impose "[a] terminating sanction by... [a]n order rendering a judgment by default against the drafting party." Cal. Civ. Proc. Code § 1281.99(b)(2)(B). This provision applies "[i]n addition to the monetary sanction described in subdivision (a) and is available "against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97 or subdivision (a) of Section 1281.98, unless the court finds that the one subject to the sanction acted with substantial justification." *Id.* § 1281.99(b). Welty's request for entry of default against Valve on all claims falls squarely within this statutory framework. Compl. ¶ 67.

Valve's contention that it acted with substantial justification under Section 1281.99(b) because of the size of the AAA invoice is legally hollow. As clarified in *Hohenshelt*, the purpose of SB 707 is to prevent drafting parties from using their own arbitration clauses as a device to defeat claims through non-payment. Because Valve willfully abandoned the arbitration process after securing a stay of the federal class action, its conduct meets the "willful" threshold required by *Hohenshelt* to trigger statutory sanctions, including the entry of default

5.    *Additional Sanctions*

Section 1281.99(b) authorizes a range of additional sanctions, including evidence sanctions, terminating sanctions, and contempt sanctions. Cal. Civ. Proc. Code § 1281.99(b)(1)–(3). These remedies are expressly available where, as here, the drafting party has materially breached its fee-payment obligations under Sections 1281.97 or 1281.98. Valve's attack on the

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

15

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

breadth of these remedies is an attack on the Legislature's policy judgment, not on the sufficiency of Plaintiff's pleading.

In sum, the relief Welty seeks is expressly authorized by the plain language of Sections 1281.97–1281.99. Valve's argument that the Complaint should be dismissed because the statutes do not authorize such relief fails.

**D.    The Court Should Deny Valve's Motion to Strike Class Allegations as Premature**

*1.    Striking Class Allegations at the Outset Is Disfavored*

Valve seeks to strike class allegations at the inception of this action, before discovery and before certification briefing. Br. at 19–20. Federal Rules of Civil Procedure 12(f) and 23(d)(1) permit striking of class allegations, but such motions are disfavored when brought at the pleading stage. Courts in this Circuit strike class allegations "only where the complaint demonstrates that a class action cannot be maintained on the facts alleged." *Willis v. Enter. Drilling Fluids, Inc.*, 2015 WL 6689637, at *7 (E.D. Cal. 2015). Class certification determinations are inherently fact-intensive and typically require discovery into commonality, typicality, and predominance. *See* Fed. R. Civ. P. 23(a)–(b). "Striking class allegations prior to a formal certification motion is generally disfavored because the factual record is usually undeveloped." *Mason v. Spring EQ LLC*, 2025 WL 576551, at *3 (C.D. Cal. Jan. 22, 2025) (collecting cases). "Courts should not resolve disputed and substantial factual and legal issues in deciding a motion to strike" *Id*. (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)). "As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true and must liberally construe the complaint in the light most favorable to the plaintiff." *Wysocki v. Zoom Techs. Inc.*, 2024 WL 1139094, at *5 (W.D. Wash. Mar. 15, 2024).

*2.    Valve's Inconsistent Application of Superseded and Revised Agreements*

Valve's attempt to strike class allegations rests on a logically irreconcilable cherry-picking of contract terms. Valve argues that the class action waiver from the "Superseded SSA" which Valve itself claims was replaced on September 26, 2024, should apply prospectively to bar Welty's

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

16

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

statutory claim that did not accrue until April 24, 2025, the due date for Valve to pay AAA's March 24, 2025, fee invoice. *See* Br. at 8, 19–20; Compl. ¶ 42. At the same time, Valve insists that the revised SSA (which removed the arbitration requirement) must be applied retroactively to extinguish the very arbitration proceedings that were already pending when the revised SSA was enacted. Br. at 2, 8.

Because Welty's CAA claim accrued only after Valve missed the April 24, 2025, statutory deadline for AAA's fee invoice, months after Valve voluntarily removed its arbitration clause and class waiver from its SSA, there is no applicable class waiver that can be applied here.

As Valve's "Revised SSA" was the operative agreement in effect when Welty's current statutory claim accrued in April of 2025, then the terms of that Revised SSA must control. Crucially, the Revised SSA contains no class action waiver. Br. at 1–2, 8. Valve's effort to mix and match favorable terms from two different agreements, applying a superseded class waiver prospectively to bar Welty's current statutory class action, while attempting to apply its revised forum-selection clause retroactively to bar Welty and the classes' pending arbitrations and refusing to pay arbitration fees, exemplifies the gamesmanship the CAA and Senate Bill 707 were enacted to punish. *See* S.B. 707, ch. 870, 2019 Cal. Stat.; *Trujillo*, 328 Cal. Rptr. 3d at 6–7.

Because Valve's relies on a class waiver from an agreement it concedes no longer exists and ignores the agreement in effect at the time the claims here accrued, its Motion to Strike should be denied.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff Pamela Welty respectfully requests that this Court: (1) deny Valve's Motion to Dismiss the Class Action Complaint under Federal Rule of Civil Procedure 12(b)(6); (2) deny Valve's Motion to Strike the class allegations under Rules 12(f); and (3) should this Court grant Valve's Motion to Dismiss, Plaintiff respectfully requests that the Court grant leave to amend the Complaint in accordance with Federal Rule of Civil Procedure 15(a)(2).

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

17

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

DATED this 14th day of January 2026.

I certify that this memorandum contains 5937 words, in compliance with the Local Civil Rules.

Respectfully submitted,

By: */s/ Gary E. Mason*
**Mason LLP**
Gary E. Mason (*pro hac vice*)
Danielle L. Perry (*pro hac vice*)
Theodore B. Bell (*pro hac vice*)
Jacob D. Eisenberg (*pro hac vice*)
5335 Wisconsin Avenue NW, Suite 640
Washington, DC 20015
Tel.: (202) 429-2290
Email: gmason@masonllp.com
Email: dperry@masonllp.com
Email: tbell@masonllp.com
Email: jeisenberg@masonllp.com

**Siri & Glimstad LLP**
Mason Barney *(pro hac vice)*
Kent M. Williams *(pro hac vice)*
745 Fifth Avenue Suite 500
New York, NY 10151
Tel.: 888-783-8436
Email: mbarney@sirillp.com
Email: kent.williams@sirillp.com

*Counsel for Plaintiff Pamela Welty and the proposed Class*

*/s/ Michael C. Subit*
**Frank Freed Subit & Thomas LLP**
Michael C. Subit, WSBA No. 29189
Hoge Building
1 Manhattan West
705 Second Avenue, Suite 1200
Seattle, Washington 98104-1729
Tel.: (206) 682-6711
Email: msubit@frankfreed.com

*Local Counsel*

WELTY'S OPP. TO VALVE CORP.'S
MOT. TO DISMISS COMPL. AND TO
DISMISS OR STRIKE CLASS CLAIMS
CASE NO. 2:25-CV-02450-JNW

18

**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290